IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN VICKERS | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| IGOR LUSCHAK, FREIGHTER, INC. AND CONVOY, INC. | § § § | |
| Defendants. | § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Ryan Vickers, hereafter called "Vickers" or "Plaintiff" and complaining of and about Igor Luschak ("Luschak"), Freighter, Inc. ("Freighter") and Convoy, Inc. ("Convoy") hereinafter collectively referred to as "Defendants", and for cause of action shows unto the Court the following:

### I.   PARTIES

1.   **Plaintiff Ryan Vickers** is an individual residing in Tarrant County, Texas. Vickers was employed with the Defendants as a Truck Driver operating out of their Texas office located at 2330 East Union Bower, Irving, Texas.

2. Defendant **Igor Luschak** is an individual who resides in Cook County Illinois. Luschak is corporate officer, owner, and manager of Freighter, Inc. and Convoy, Inc., which comprise of the joint enterprise described in paragraph 14. **Defendant Luschak** may be served at his address at **2114 N. 77th Ct, Elmwood Park, IL 60707-3016**.

3. **Defendant Freighter, Inc.** is an Illinois corporation with a principal place of business located at **2114 N. 77th Ct, Elmwood Park, IL 60707-3016**. Freighter has a business location in Texas located at 2330 East Union Bower, Irving, Texas. Freighter has established the minimum contacts with this jurisdiction through purposeful availment. Freighter has not registered in Texas with the Secretary of State to transact business in Texas. Freighter was Plaintiff's joint employer for the relevant time period. **Defendant Freighter, Inc. may be served by serving Igor Luschak, its Registered Agent authorized to accept service at <u>2114 N. 77th Ct, Elmwood Park, IL 60707-3016.</u>**

4. **Defendant Convoy, Inc.** is an Illinois corporation with a principal place of business located at **2114 N. 77th Ct, Elmwood Park, IL 60707-3016**. Convoy has a business location in Texas located at 2330 East Union Bower, Irving, Texas. Convoy has established the minimum contacts with this jurisdiction through purposeful availment. Convoy has not registered in Texas with the Secretary of State to transact business in Texas. Convoy was Plaintiff's joint employer for the relevant time period. **Defendant Convoy, Inc. may be served by serving Igor Luschak, its Registered Agent authorized to accept service at <u>2114 N. 77th Ct, Elmwood Park, IL 60707-3016.</u>**

## II. INTRODUCTION

5. This action for money damages that arises under the Fair Labor Standards Act, as amended 29 U.S.C. §201 et seq. ("FLSA"). Plaintiff is entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and postjudgment interest; and (5) attorney's fees and costs.

## III. JURISDICTION

6. The Court has original jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§1331, 1337 and 1343.

## IV. VENUE

7. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b), as this is the judicial district in which a substantial part of the events or omissions giving rise to the asserted claims occurred. Further, the exercise of personal jurisdiction comports with Due Process under the United States Constitution.

## V. FACTS

8. On information and belief, Defendant Luschak is the owner, officer, director and/or managing agent of Freighter, Inc. and Convoy, Inc., who participated in the day-to-day operations of the Defendants businesses. Defendant Luschak acted intentionally and maliciously when he failed to pay compensation to Vickers as required under the FLSA.

9. Defendant Luschak is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, and is jointly and severally liable with Defendants Freighter and Convoy.

10. Vickers was an "employee" as defined by 29 U.S.C. § 203(e)(4)(A).

11. Defendant Luschak, is an individual who, on information and belief, owns the stock of Defendants Freighter and Convoy, manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

12. At all relevant times, on information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a). Further, Vickers is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a), 207(a).

13. On information and belief, Defendants Freighter and Convoy had gross sales or business done, individually and/or collectively as part of a joint enterprise, in excess of $500,000 annually for the years 2015, 2016, and 2017.

14. On information and belief, Defendants Freighter and Convoy, are part of a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the companies, performed through a unified operation and/or common control, are being done for a common business purpose. The related activities are believed to include the use of trucks to transport goods on highways within certain States.

15. Vickers was employed with Defendant Freighter from November 2016 through March 2017 as a truck driver.  During this first period of employment, Vickers earned wages at an hourly rate of $20.00/hour.

16. Vickers second period of employment was from June 2017 through August 2017 with Freighter.  During this period of employment, Convoy also became Vickers employer.  Freighter and Convoy were joint employers during this period. Vickers earned wages at $18.00/hour during his second period of employment.

17. At the onset of Vickers employment with the Defendants, they deducted a total of $1,250.00 from Vickers compensation for what they called "escrow and security." This amount was deducted in increments of $250.00 per paycheck until paid. The Defendants failed to pay this amount back to Vickers.  He is entitled to reimbursement.

18. At times during the course of Vickers employment, the Defendants deducted hours worked from Vickers compensation.  The Defendants failed to pay Vickers for the hours deducted from his compensation. Vickers is entitled to compensation for these unpaid hours.

19. Vickers was only paid "straight time."  Vickers was not paid overtime.

20. At all times relevant to relevant to this complaint, Vickers worked one or more weeks with Defendants in excess of forty (40) hours.

21. Defendants Freighter and Convoy was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA, as the nature of their business involves providing trucking transport services using on the highways of the various States.

22. The work performed by Vickers for the Defendants was directly essential to the business of the Defendants.

23. The Defendants knowingly and willfully failed to pay Vickers his lawfully earned minimum wages and overtime wages in direct contravention of the FLSA.

24. At all relevant times, on information and belief, Defendants failed to maintain accurate and sufficient time records as required by the FLSA.

25. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Vickers at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of 40 hours per week, when they knew or should have known such was due and that nonpayment of minimum wages pay would financially injure Vickers.

26. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C.A. §§ 201 et seq., including 29 U.S.C.A. §§ 211(c), 215(a).

27. Defendants failed to properly disclose or apprise Vickers of his rights under the FLSA.

28. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

29. Vickers drove only local routes in Texas for the Defendants.

30. On information and belief, Defendants did not require Vickers or other drivers to make out of state trips during their employment.

31. On information and belief, the drivers employed with the Defendants could not have been called upon to drive in interstate commerce during their employment.

32. Vickers is entitled to an award of his reasonable attorney's fees, costs and expenses, pursuant to 29 U.S.C.A. § 216(b).

33. Vickers has filed this proceeding within the statutory time periods in compliance with 29 U.S.C. § 255(a).

## VI.   CAUSES OF ACTION UNDER 29 U.S.C. § 201 et seq AGAINST ALL DEFENDANTS -  MINIMUM WAGES VIOLATION

34.  Paragraphs 1 – 33 set forth above are incorporated herein by reference.

35.  Vickers was not paid any compensation for the hours worked on February 20 – 27th, 2017 and July 17, 2017 – August 2, 2017.  Vickers worked a total of 214 hours without compensation.

36. Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the Texas minimum wage to Vickers.

37. Defendants had a policy of refusing to pay the statutory minimum wage to Vickers for his hours worked.

38.  Vickers is also entitled to an additional amount as liquidated damages equal to the sum of the amount of any wages not paid.

## VII. CAUSES OF ACTION UNDER 29 U.S.C. § 201 et seq AGAINST ALL DEFENDANTS – OVERTIME WAGES VIOLATION

39. Paragraphs 1 – 38 set forth above are incorporated herein by reference.

40. During one or more weeks during his employment with the Defendants, Vickers worked in excess of 40 hours per week.

41. On information and belief, Defendants failed to pay Vickers any overtime compensation at the rate of time and one-half as required by the FLSA.

42. Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA overtime rate (of time and one-half), in direct violation of the FLSA and the supporting federal regulations.

43. As the result of Defendants unlawful conduct, Vickers is entitled to actual and compensatory damages, including the amount of overtime which was not paid, but should have been paid.

44. Due to the intentional, willful and unlawful acts of the Defendants, Vickers suffered damages in an amount not presently ascertainable of unpaid overtime wages, an equal amount as liquidated damages, and prejudgment interest.

45. Vickers further seeks liquidated damages as a result of Defendants willful failure and refusal to pay overtime in violation of 29 U.S.C.§ 207.

## VIII. DAMAGES

46. Vickers sustained the following damages as a result of the actions and/or omissions of described hereinabove:

  a. All past unpaid minimum wages;

  b. All past unpaid overtime wages;

    c.       All reasonable and necessary attorney fees incurred by or on behalf of Plaintiff;

    d.       All reasonable and necessary costs incurred in pursuit of this suit;

    e.       All reasonable expert witness fees;

    f.       Liquidated damages;

    g.       Prejudgment and postjudgment interest;

    h.       Any actual monetary losses sustained by Vickers as a direct result of the violation

## XIV.   JURY DEMAND

47. Plaintiff respectfully requests a trial by jury.

## XV.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that all Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

                  Respectfully submitted,

                  /s/ Lantis G. Roberts
                  Lantis G. Roberts
                  State Bar No. 24057463
                  E-Mail: Lantis@kreativelaw.com

                  LAW OFFICE OF LANTIS G. ROBERTS, PLLC
                  1166 West Pioneer Parkway

Arlington, Texas 76013
Tel. (817) 768-1819
Fax (817) 704-4529
**ATTORNEY FOR PLAINTIFF**